UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ZORBAIRI KINA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:15-CV-00950 ERW |
| MINDLAND FUNDING, LLC, | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's motion to remand. [ECF No. 12]

## I.  BACKGROUND

On May 7, 2015 Plaintiff filed a Petition against Defendant in the Circuit Court of the City of Saint Louis, Missouri. The Petition alleges damages from Defendant's garnishment of a bank account under the name and control of the Plaintiff. Plaintiff filed suit in Saint Louis Circuit Court, asserting claims of negligence, libel, and conversion. [ECF No. 4] Plaintiff prays for judgement in an amount greater than $25,000 but less than $75,000, for punitive damages, attorney's fees, court costs, and any other relief. [ECF No. 4]

On June 16, 2015, Defendants filed a Notice of Removal with this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs move to remand the case.

## II.  STANDARD

A defendant may remove a case to federal court only if the claim could have originally been brought in federal court. 28 U.S.C. § 1441; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Defendant seeks to remove this case on the basis of diversity jurisdiction. [ECF No 1] Diversity jurisdiction exists wherein the amount in controversy exceeds the sum of

$75,000 and the citizenship of the plaintiff is diverse from the citizenship of the plaintiff. In this case, the Defendants and the Plaintiff are from different states, and therefore the parties have complete diversity. [ECF No. 1 ¶¶ 3, 4]

Generally, the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The party seeking removal must provide "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F.Supp 2d. 1028, 1036. (E.D. Mo. 2004). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

"Where the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party … must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. " *In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830 (8th Cir. 2003). Under this standard the amount in controversy "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are…" *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). "That holding implicitly suggests that jurisdiction was proper because, based on the information known to the court at the time jurisdiction was challenged, the jury reasonably could have awarded more than the statutory minimum, even if the jury ultimately did not do so." *Id* at 885 (citing *Zunamon v. Brown*, 418 F.2d 883, 887 (8th Cir. 1969)).

## III. DISCUSSION

Defendant argues this matter should be removed since there is a complete diversity and more than $75,000 in dispute. [ECF No. 1] Plaintiff argues there is less than $75,000 in controversy, and therefore has asked the court to remand these proceedings to State Court. [ECF No. 12].

 a. *Using the Allen test to determine if the amount in controversy has been met*

The issue is whether the amount in controversy has been met, and a two part test is used to determine if the amount in controversy has been met. First, the court should look only at the face of the complaint to determine if the amount in controversy is met. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). Second, "In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Allen* at 1336. Plaintiff's allegations of a certain amount do not completely decide the issue, otherwise plaintiffs could decide their forum simply through pleadings. *Zunamon* at 885.

> 'If (the plaintiff's) allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.'

*Id.* at 86 (8th Cir. 1969) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)).

  i. *Examining the face of the complaint*

Defendant has the burden of proof as the party invoking federal jurisdiction. *In re Prempro Prods. Liab. Litig.*, at 620. Defendant points out Plaintiff seeks a judgement "in an amount greater than $25,000 but less than $75,000, punitive damages, attorney's fees, court costs, and any and all relief…". [ECF Nos. 4, 18] Defendant interprets this phrasing to indicate

plaintiff is asking for compensatory damages of less than $75,000 and for punitive damages along with other relief. [ECF Nos. 4, 18] At the current time, there is no indication Plaintiff has incurred any attorney's fees and this amount is determined at the time of the suit. *OnePoint Solutions, LLC. v. Borchert*, 486 F.3d 342, 349 (8th Cir. 2007). Defendant argues the plaintiff meets the amount in controversy by pleading just below $75,000 for compensatory damages and for $45,000 in punitive damages. Plaintiff in a reply brief indicates she has pled for an amount less than the amount in controversy with all of her damages. [ECF No. 25] However, the plain language of her pleading indicates the plaintiff has pled for damages just below the amount in controversy and other damages.

Plaintiff's pleadings indicate she has pled more than the amount in controversy if she is legally entitled to punitive damages. This does not necessarily mean the amount in controversy has been met, as "Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir.1994) (internal quotations and citations omitted). "While punitive damages are included in the amount in controversy, the existence of the required amount must be supported by competent proof." *Onepoint* at 348 (quoting *Larkin* at 388–89 internal quotations and citations omitted). "Indeed, when determining the amount in controversy, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Larkin* at 389 (internal quotations and citations omitted).

Punitive damages "may be awarded for conduct that is outrageous, because of the Defendant's evil motive or … reckless indifference to the rights of others." *Burnett v. Griffith*, 769 S.W.2d 780, 787 (Mo. 1989). Plaintiff in each count of her complaint specifically alleges

"Defendant further showed reckless indifference to the rights of others, including Plaintiff." [ECF No. 4 at ¶¶ 21, 27, 29]. Here the plaintiff has made only conclusory allegations concerning the Defendant's conduct. In *McCorkindale*, where a plaintiff similarly only made conclusory allegations concerning Defendant's conduct for punitive damages, the court determined it could not determine whether the amount in controversy was met based on the face of the complaint. *McCorkindale v. American Home Assurance Company / A.I.C.*, 909 F.Supp. 646, 656 (N.D. Ia. 1995). The court has no way, based on the language of the complaint, to determine whether a reasonable fact finder might conclude the damages are applicable.

    *ii.    Looking beyond the complaint*

Having determined the court cannot determine if the amount in controversy is met on the face of the complaint, "the court must look beyond the complaint, to "summary-judgement-type evidence to make its determination." *McCorkindale* at 656 (quoting *Allen*, 63 F.3d at 1335). Defendant in their notice of removal does not present any additional evidence, and restates the language of the plaintiff's complaint in order to determine the amount in controversy is greater than $75,000. [ECF No. 1]. "Such conclusory allegations do not provide an adequate basis for determining this court's jurisdiction." *McCorkindale* at 656 (citing *Allen*, 63 F.3d at 1335). Therefore, the court cannot determine if the amount in controversy has been met without additional evidence. In similar situations, courts have allowed parties to file affidavits or other direct evidence to provide enough evidence to make a determination. *See McCorkindale at 656; Zunamon* at 886.

**IV.    CONCLUSION**

The Court cannot determine if the amount in controversy has been with the plaintiff's complaint or other evidence before the court. Therefore, the Court will delay the disposition on

the motion to remand, until it can decide the remand question on the basis of further evidence. The parties are each ordered to submit a sworn affidavit stating facts that establish a reasonable probability the monetary value of the damages plaintiff sought at the time the complaint was filed. Based on these affidavits, the court will determine whether the defendant has met the burden of proof. However, any doubt in the amount of controversy will be interpreted in light of remanding this action to the state court. *In re Prempro Prods. Liab. Litig.*, at 620.

Accordingly,

**IT IS HEREBY ORDERED** that parties submit within ten days of the date of this order a sworn affidavit or affidavits stating facts that establish the amount in controversy at the time the complaint was filed.

**IT IS FURTHER ORDERED** that ruling on Plaintiff's motion is reserved until the court has considered the affidavits herein ordered.

Dated this <u>16th</u> Day of September, 2015.

*E. Richard Webber*
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE