UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZORBAIRI KINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-00950 ERW |
| | ) |
| MINDLAND FUNDING, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's motion to remand [ECF No. 12], after the Court's order directing the parties to submit affidavit or affidavits stating facts that establish the amount in controversy at the time the complaint was filed. [ECF No. 29]

**I.     BACKGROUND**

On May 7, 2015 Plaintiff filed a Petition against Defendant in the Circuit Court of the City of Saint Louis, Missouri. The Petition alleges damages from Defendant's garnishment of a bank account under the name and control of the Plaintiff. Plaintiff filed suit in Saint Louis Circuit Court, asserting claims of negligence, libel, and conversion. [ECF No. 4] Plaintiff prays for judgement in an amount greater than $25,000 but less than $75,000, for punitive damages, attorney's fees, court costs, and any other relief. [ECF No. 4]

On June 16, 2015, Defendants filed a Notice of Removal with this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs moved to remand the case. [ECF No. 12] On September 29, 2015 the Court issued an order requiring the parties to submit a sworn affidavit stating facts that establish the amount in controversy at the time the complaint was filed, and reserved judgment on Plaintiff's motion until the affidavits were ordered. [ECF No. 29] On,

September 25, 2015 the Plaintiff filed an affidavit which attempts to clarify the intended amount claimed. [ECF No. 30] On September 28, 2015 Defendant filed a memorandum which it termed a response to the Court's Order and to Plaintiff's affidavit, [ECF No. 31] and has not filed an affidavit as the court requested.

**II.     STANDARD**

A defendant may remove a case to federal court only if the claim could have originally been brought in federal court.  28 U.S.C. § 1441; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Defendant seeks to remove this case on the basis of diversity jurisdiction. [ECF No 1]  Diversity jurisdiction exists wherein the amount in controversy exceeds the sum of $75,000 and the citizenship of the plaintiff is diverse from the citizenship of the plaintiff.  In this case, the Defendants and the Plaintiff are from different states, and therefore the parties have complete diversity.  [ECF No. 1 ¶¶ 3, 4]

Generally, the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).  The party seeking removal must provide "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F.Supp 2d. 1028, 1036.  (E.D. Mo. 2004).   "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

"Where the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party … must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. " *In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830 (8th Cir. 2003). Under this standard, the amount in

controversy "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are…" *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). "That holding implicitly suggests that jurisdiction was proper because, based on the information known to the court at the time jurisdiction was challenged, the jury reasonably could have awarded more than the statutory minimum, even if the jury ultimately did not do so." *Id* at 885 (citing *Zunamon v. Brown*, 418 F.2d 883, 887 (8th Cir. 1969)).

### III.  DISCUSSION

Defendant argues this matter should be removed since there is a complete diversity and more than $75,000 in dispute. [ECF No. 1]  Plaintiff argues there is less than $75,000 in controversy, and therefore has asked the court to remand these proceedings to State Court. [ECF No. 12].  The Court asked each party to submit affidavits in order to provide facts to determine if the amount in controversy was met at the time of filing. [ECF No. 29] Plaintiff's affidavit, only indicated she has acquired attorney's fees, since her initial filing and attempted to clarify pleadings.

Defendant did not file an affidavit as the court ordered, and instead filed a response which argued Plaintiff's pleadings are unartfully worded leading to confusion about whether she has plead the amount in controversy.  The court with its last order determined the amount in controversy could not be determined by the face of the pleadings, and therefore asked the Defendant to provide facts to establish its burden of proof as the removing party.  *In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation* at 830.

Therefore, the court continues to rely on the factual allegations previously pleaded, and these pleadings cause the court to have doubts whether the amount in controversy has been met.

Where there are doubts regarding remand, doubts should be resolved in favor of remand to the state court. *In re Prempro Prods. Liab. Litig* at 620.

## IV. CONCLUSION

The Defendant has not met its burden of proof showing the amount in controversy has been exceeded. Therefore, the Court will resolve this dispute in favor of remand, as it has already provided both parties an opportunity to present additional pertinent evidence.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [ECF No. 12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Circuit Court of the City of St. Louis, Missouri, from which it was removed.

Dated this <u>9th</u> Day of October, 2015.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE